[Cite as *Maple Hts. v. Woods*, 2011-Ohio-6300.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96998**

# CITY OF MAPLE HEIGHTS

PLAINTIFF-APPELLEE

vs.

# WILLIAM WOODS

DEFENDANT-APPELLANT

**JUDGMENT:
AFFIRMED**

Criminal Appeal from the
Garfield Heights Municipal Court

Case No. TRD 1103901

**BEFORE:**  Sweeney, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    December 8, 2011

**FOR APPELLANT**

William D. Woods, Pro Se
20009 Butternut Lane
Warrensville Heights, Ohio 44128

**ATTORNEY FOR APPELLEE**

John J. Montello, Esq.
Law Director
City of Maple Heights
5353 Lee Road
Maple Heights, Ohio 44137
JAMES J. SWEENEY, P.J.:

Defendant-appellant William Woods appeals the decision of the Garfield Heights Municipal Court that found him guilty, as cited, for a traffic violation. We affirm.

Defendant was charged with violating code section 414.03 of the city of Maple Heights Ordinances and the matter proceeded to a bench trial.

At trial, the officer testified that on April 9, 2011 he was working routine patrol in his marked vehicle and wearing his full uniform.  At 10:16 a.m., he was parked in the lot of the fire station located on Warrensville Center Road when he observed defendant drive through a red light. He had a clear view and there was no doubt in the officer's mind. There was about 100

feet between them. He said defendant's car was in front of the intersection, and had not crossed into it, before the light turned red. Defendant cross-examined the officer. The officer confirmed that he had told defendant he had "almost made it but missed it by a fraction of a second." The officer was watching the traffic light from the opposite direction when he determined defendant ran the light. The officer testified that he knows these lights are "in sync" from both directions. The officer did not know the last time there was a diagnostic test performed on the light.

The defendant made a statement on his own behalf. He stated that he had been busy in Maple Heights renovating homes when he received a call that one of his workers had been injured. Defendant was headed to that location when he got pulled over. After receiving his traffic citation, defendant proceeded to pick up the worker and take him to the hospital. Defendant stated he knew that he made the light and asserted he was in an emergency situation helping someone that he thought should result in a ruling in his favor. The court found defendant guilty and imposed a fine and costs. Defendant has appealed.

"First Assignment of Error: The verdict of the trial court is contrary to law and against the manifest weight of the evidence."

"Second Assignment of Error: The trial court erred when it ruled that the defendant's vehicle was on the other side of the stop line when the light turned red."

Defendant challenges the court's findings and verdict in these assignments of error, which we address together.

City of Maple Heights Ordinances 414.03 governs traffic control signals terms and lights, and in section (a)(3)A. provides:

"(3)   Steady red indication.

"A.   Vehicular traffic facing a steady red signal alone shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or if none, then before entering the intersection, and shall remain standing until an indication to proceed is shown except as provided in divisions (a)(3)B. and C. of this section."

When reviewing sufficiency of the evidence, an appellate court must determine, "after viewing the evidence in a light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.

The proper test for an appellate court reviewing a manifest weight of the evidence claim is as follows:

"The appellate court sits as the 'thirteenth juror' and, reviewing the entire record, weighs all the reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541.

The trial court's judgment was not erroneous under either standard of review. The officer and defendant gave conflicting testimony. The court accepted the officer's version of the incident and found there was no evidence presented that would suggest the traffic light was not properly functioning at the time of the infraction. The court acts as the finder of fact in a bench trial and it was within its province to resolve conflicts in the evidence. The trial court's judgment was not contrary to law or against the manifest weight of the evidence.

The first and second assignments of error are overruled.

"Assignment of Error III: The trial court erred by not granting immunity to the defendant who was responding to an emergency call."

Defendant is raising for the first time on appeal a sovereign immunity defense applicable to political subdivisions, which, even if applicable, has been waived. Nonetheless, there is no evidence in the record that any of the immunity provisions he cites are applicable to him or his alleged non-profit

organization. Defendant submitted emergency records to support his statement that he was on his way to help an injured employee at the time he received his citation. While we do not dispute this fact, defendant did not raise, nor is he entitled to political subdivision immunity or the emergency call doctrine of R.C. Chapter 2744 or R.C. 4511.03(a). See *N.Z. v. Lorain Head Start* (Jan. 12, 2000), Lorain App. No. 98CA007254 (a non-profit organization with an additional designation as a community action agency is not an agency created by the state and is not entitled to statutory political subdivision immunity.)

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

JAMES J. SWEENEY, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR